UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Diane Goins and Wesley Rentfrow,**<br><br>            **Plaintiffs,**<br><br>         **v.**<br><br>**County of Merced, Merced County District Attorney and Merle Wayne Hutton, an individual,**<br><br>            **Defendants.** | CASE NO. 1:13-CV-01245 AWI SKO<br><br>ORDER RE DEFENDANTS' MOTIONS TO DISMISS<br><br><br>(Docs 12, 14) |

Plaintiffs Diane Goins and Wesley Rentfrow (collectively "Plaintiffs") bring this action against the County of Merced (the "County"), the Merced County District Attorney's Office (the "DA"), and Merle Wayne Hutton, an individual (collectively "Defendants"). Plaintiffs' Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("FEHA") related to Defendants' discrimination, harassment, and retaliation in employment towards Plaintiffs. Defendant Hutton filed a motion to dismiss the complaint. Doc. 12. Defendants the County and the DA filed a joint motion for a more definite statement and motion to dismiss. Doc. 14. Both motions are addressed in the following order.

I.     BACKGROUND

Plaintiffs Goins and Rentfrow were employed by the County and the DA. Doc. 1, 2:15-16, 23-24. Defendant Hutton was Goins and Rentfrow's direct supervisor. Doc. 1, 3:9-14. Plaintiffs allege that throughout Goins' employment, November 2006 through July 2011, Goins was subject to unwanted sexual comments, touching and requests by Hutton. Doc. 1, 4:23-5:2. Goins reported

the harassment in August 2007 and on several subsequent occasions, but no action was taken. Doc. 1, 5:3-9.  Hutton began to shun Goins, excluded her from meetings, and made false statements about her. Doc. 1, 5:19-21.  She filed a discrimination charge with the DFEH/EEOC in September 2009. Doc.1, 5:24-25. Hutton began to retaliate against Goins for filing the charge by misrepresenting her medical leave in 2010 to other employees, threatening her with termination, and referring to her and Rentfrow as "occupational terrorists." Doc. 1, 5:28-6:3. After returning from leave, Hutton "frequently glared at her, refused to speak to her, refused to permit her to attend some meetings would not authorize the issuance of a department vehicle to her, and refused to permit her to work flexible hours, and communicated false statements and untruths about her." Doc 1, 6:3-6. Goins was terminated by the County and the DA on July 31, 2011. Doc. 1, 6:19-20.

Plaintiffs allege that throughout Rentfrow's employment, November 2008 through April 2012, Rentfrow opposed Hutton's treatment toward Goins and reported Hutton's conduct. Doc. 1, 10-13. Plaintiffs began dating in or about December 2008. Doc. 1, 5:17. Because of Rentfrow's opposition, Hutton retaliated against him in "unwarranted discipline, poor performance reviews, and communicating false statements and untruths, and additional unnecessary and burdensome job duties." Doc. 1, 5:15-16, 21-22. In October 2010, Rentfrow testified at an administrative proceeding regarding Hutton's sexual harassment of Goins and another female employee. Doc. 1, 6:7-9. Hutton had written untrue allegations against Rentfrow in his response to the allegations. Doc. 1, 6:9-15. Rentfrow filed a retaliation charge with the DFEH/EEOC in March 2011. Doc. 1, 6:16-18. Rentfrow was terminated by the County and the DA on April 22, 2012. Doc. 1, 6:23-24.

Plaintiffs both received right to sue letters from the EEOC on June 28, 2013. Doc. 1, 3:25-26, 7:8-9. Goins received a right to sue letter from the DFEH on September 22, 2009 and Rentfrow received his on March 7, 2011. Doc. 1, 3:23, 4:6. Plaintiffs each filed claims against a public entity on July 6, 2013. Doc. 1, 3:27-28, 4:11-12. Plaintiffs filed the complaint in this Court on August 9, 2013.

Plaintiffs' first claim for relief is for violations of Title VII against the County and the DA only. Goins alleges that she was subjected to a sexually hostile work environment, which culminated in an adverse employment action, and to retaliation for her opposition to the sexual

1 harassment. Doc. 1, 7:11-19. Rentfrow alleges that he was subjected to retaliation for his
2 opposition to sexual harassment of Goins. Doc. 1, 7:20-26.

3       Plaintiffs' second claim for relief is for violations of the California Fair Employment and
4 Housing Act against all Defendants. Goins alleges her sex was a motivating favor in the
5 discrimination, sexual harassment, and retaliation of the County and the DA against her, and that
6 her opposition to discrimination and sexual harassment were motivating factors of the retaliation
7 against her by the County and the DA. Doc. 1, 8:14-26. Goins also alleges that Hutton sexually
8 harassed her. Doc. 1, 8:18-21. Rentfrow alleges that his opposition to discrimination and sexual
9 harassment were substantial motivating factors of the retaliation by the County and the DA against
10 him. Doc. 1, 8:27-9:3. Plaintiffs allege that the County and the DA failed to provide a workplace
11 free of discrimination, harassment, and retaliation to Goins, and free of retaliation to Rentfrow.
12 Doc. 1, 9:8-15. Goins seeks punitive damages from Hutton only. Doc. 1, 10:13.

13   II.    RULE 12(e)

14       Defendants the County and the DA move for a more definite statement pursuant to Rule
15 12(e). Defendants argue that their ability to properly respond to the allegations is frustrated
16 because Plaintiffs' second cause of action combines several claims by two plaintiffs into one.

17       Rule 12(e) states that a party may move for a more definite statement if a pleading is "so
18 vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."
19 Fed. R. Civ. P. 12(e). However, courts disfavor 12(e) motions since pleadings in federal courts are
20 only required to fairly notify the opposing party of the nature of the claim. Griffin v. Cedar Fair,
21 L.P., 817 F. Supp. 2d 1152, 1154 (N.D. Cal. 2011). "A motion for more definite statement
22 pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of
23 detail, and therefore, a court will deny the motion where the complaint is specific enough to
24 apprise the defendant of the substance of the claim being asserted." Beery v. Hitachi Home Elecs.
25 (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

26       Plaintiffs' Complaint is not so vague or ambiguous that Defendants cannot understand the
27 claims brought against them and could not frame a responsive pleading. Plaintiffs' set forth on the
28 first page of their Complaint that Goins brings the action for discrimination and retaliation, and

that Rentfrow brings the action for retaliation. Doc. 1, 1:18-27. The Complaint details the facts giving rise to Plaintiffs' grievances, including those noted above in the preceding section of this Order. Defendants can ascertain from the Complaint that Plaintiffs believe they were subject to retaliatory treatment during their employment and eventually terminated in retaliation for filing complaints with the EEOC. Goins also brings this action for alleged sexual harassment and discrimination occurring during her employment. If the framing of the allegations is imprecise, Defendants still understand the factual substance of the claims being asserted. The pleading of the second cause of action will be discussed in more detail below.

Defendants are fairly notified that the nature of the claim; hence, the motion for a more definite statement will be denied.

III.    12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121.

To avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 556.

The court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Facts raised for the first time in

opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)(citations omitted).

IV. DISCUSSION

A. Rentfrow's Claims

Defendants assert that Rentfrow may not bring claims for the harassment of another. Defendants object to Rentfrow bringing either the first or second claim based on discrimination on the basis of sex or sexual harassment. Plaintiffs agree and clarify Rentfrow's claims.

First, Plaintiffs assert that Rentfrow has no claims against Mr. Hutton. Doc. 19, 3:3, 3:13 ("Mr. Rentfrow is not suing Mr. Hutton.") Second, Plaintiffs assert, "The complaint does not purport to state a claim by Mr. Rentfrow against the County Defendants for sex discrimination or sexual harassment. Rather, the only claim asserted against [the County and the DA] by Mr. Rentfrow is for retaliation for his acts opposing discrimination and harassment, and for being associated with Ms. Goins." Doc. 20, 4:27-5:5. The Complaint says in its preliminary statement that Rentfrow "brings this action for damages resulting from Defendants' violation of his civil rights […] by their maintenance of unlawful practices which had the purpose or effect of retaliating against him […]." Doc. 1, 1:23-27. Within the Complaint are no allegations supporting a claim by Rentfrow based on sexual harassment or discrimination.

Rentfrow only brings a Title VII claim for retaliation and a FEHA claim for retaliation and failure to prevent retaliation.

B. The DA

The DA contends that it is not a proper Defendant because it is not an entity which may be sued under Title VII or FEHA. Defendants' argument that the DA is not listed on California Secretary of State Roster of Public Agencies and therefore cannot be sued apart from the County is unpersuasive. Absence of the DA's name on the roster does not automatically infer that the DA is not a public agency, even if all public agencies are required to file with the Secretary of State. Further, whether or not the DA is a public agency according to the California Government Code definition does not govern whether or not the DA may be sued apart from the County. Entities

other than public agencies may be sued. In fact, county district attorney's offices are often maintained as Title VII defendants independent of the county they represent.[1]

Also, Defendants' citation to Garcia v. City of Merced is off point. In that case, the court found that the Merced County Sheriff's Department was not a legal entity, but a political subdivision, and not a person for purposes of Section 1983 litigation. Garcia v. City of Merced, 2009 U.S. Dist. LEXIS 88277, *4-5 (E.D. Cal. Sept. 25, 2009). The Garcia order also says that the DA is not a proper party defendant without explanation, but it does not indicate that the Sheriff's Department and the DA should be treated similarly, nor that the same analysis would apply to cases other than Section 1983 cases. Id. at *5.

Regarding whether or not suit may be brought against the DA for Title VII violations, Defendants do not elaborate, other than the conclusion that the DA is a department of the County and is not capable of being sued separately from the County. See. Doc. 14, pp. 5-6. Defendants identify the provision which identifies the "persons" that may be considered employers under Title VII, including "individuals, governments, governmental agencies, [and] political subdivisions," and state that the DA does not fall within this definition. Doc. 14, 5:11-17. Defendants' reliance on the California Government Code is also unpersuasive because a state definition of "public agency" is not directly relevant to whether or not an entity is an employer subject to a Title VII claim.

Regarding the FEHA claim, Defendants similarly do not elaborate on what basis the DA is not subject to suit. FEHA defines an employer as "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision of the state, and cities […]." Cal. Govt. Code 12926(d). This provision does not insist that the employer is a state agency.

Defendants do not allege that the DA is not a governmental agency or political subdivision, nor that it does not employ at least fifteen people. Plaintiffs allege that the DA is a government entity continually employing at least fifteen employees. Doc. 1, 3:5-8. Taking the allegations as

---

[1] See e.g Hansen v. Clark County, 310 Fed. Appx. 158 (9th Cir. 2009); Trulsson v. County of San Joaquin, 2013 U.S. Dist. LEXIS 125669 (E.D. Cal. Sept. 3, 2013); Alunan v. Yolo County, 2010 U.S. Dist. LEXIS 110988 (E.D. Cal. Oct. 19, 2010).

true and construing them in the light most favorable to Plaintiffs, Defendants have not demonstrated that the DA should be dismissed as a Defendant at this time, and Defendants' motion will be denied on this ground.

### C. Plaintiffs' First Claim for Relief

*1. But-for Causation in Retaliation Claim*

To establish a prima facie case of employment discrimination based on retaliation, the employee must show (1) that he engaged in a protected activity; (2) he was subsequently subjected to an adverse employment action; and (3) that a causal link exists between the two. Dawson v. Entek Intern, 630 F.3d 928, 936 (9th Cir. 2011); Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).

Here, Plaintiffs filed complaints with the DFEH and EEOC –protected activity under the EEOC. They were both subjected to adverse employment action when they were terminated from their employment. Defendants contend that Plaintiffs have not adequately alleged that Plaintiffs' protected actions of reporting harassment and filing DFEH/EEOC complaints was the but-for cause of the retaliation.

In a retaliation action under Title VII, a plaintiff must "establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013). But-for causation is a higher test than the lessened "motivating factor" causation test stated in 42 U.S.C. § 2000e-2(m) in that it requires proof that the unlawful retaliation would not have occurred in the absence of the alleged protected activity of the employee, activity which includes opposition to employment discrimination, and submitting or supporting a complaint about employment discrimination. Id. at 2532-33.

Plaintiffs' Complaint occasionally uses the phrase "motivating factor" and does not actually use the phrase "but-for," but they have still adequately pled that their protected activity was the but-for cause of the retaliation against them because they have alleged facts that infer that the retaliation would not have occurred but for Plaintiffs' filing administrative complaints. Plaintiffs allege that Hutton continuously harassed Goins, and both Goins and Rentfrow objected

7

to the harassment and filed or testified in support of a claim with the EEOC. Plaintiffs allege that before Hutton was made known of the complaints his conduct did not change, but upon notification of the complaints, he began to treat her differently and retaliate against her in the workplace. They also allege that after reporting Hutton's conduct, Hutton treated Rentfrow in a retaliatory manner.

At this stage, Plaintiffs only need to state a claim upon which relief can be granted. Assuming all facts are true and taking them in the light most favorable to Plaintiffs, Plaintiffs have alleged sufficient facts that reasonably infer that their protected activity of filing and supporting administrative complaints was the but for cause of the alleged retaliation. Defendants' motion will be denied on this ground.

*2. Supervisor*

Defendants contend that Plaintiffs have not adequately alleged that Hutton is a "supervisor" such that the County and the DA should be liable for his alleged harassment.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a)(1). For an employer to be liable for harassment under Title VII, the Supreme Court distinguished between whether the alleged harasser is a supervisor or merely a co-worker of the victim. Vance v. Ball State Univ., 133 S. Ct. 2434, 2439 (2013). If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions. Id. In cases in which the harasser is a supervisor, the employer is also strictly liable if the supervisor's harassment culminates in a tangible employment action. Id. An employee is a "supervisor" for purposes of vicarious liability under Title VII "if he or she is empowered by the employer to take tangible employment actions against the victim." Id. at 2443. Tangible employment actions effect a significant change in employment status, "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id. (quotations omitted).

Vance does not hold, as Defendants contend, that a harassment claim against an employer

*must* allege that the harassing employee was a supervisor for the employer to be liable. Vance clearly states that an employer is strictly liable for the harassment if the harasser was the victim's supervisor, but is still liable if the harasser is not the victim's supervisor if the employer was negligent. Plaintiffs are not required to allege that Hutton was Goins' supervisor; however, they have. Plaintiffs allege that Hutton was the Supervising Investigator directly over Goins, an Investigative Assistant. Doc. 1, 2:15, 3:13. They allege that he did not inform her about meetings and training sessions or refused to permit her to attend meetings, threatened her with termination, would not authorize issuance of a department vehicle to her, and refused to permit her to work flexible hours. Doc. 1, 5:19-20, 6:4-5. These allegations are sufficiently specific to support a plausible inference that Hutton was Goins' supervisor, with the power to take tangible employment actions against her such as firing, and causing a significant change in benefits. Defendants' motion will be denied on this ground.

The Title VII claim remains as follows: Goins against the County and the DA for discrimination, harassment, and retaliation; and Rentfrow against the County and the DA for retaliation. The Court makes no assessment as to the adequacy of pleading other than that which is explicitly stated in this order.

    3. <u>Plaintiffs' Second Claim for Relief</u>

      *1. Primary Right Theory*

Defendants contend that Plaintiffs' second cause of action combines several causes of action in one and is therefore unclear and improperly pled. Plaintiffs have alleged violation of FEHA for discrimination on the basis of sex, sexual harassment, retaliation, and failure to prevent discrimination, harassment, and retaliation.

Under California law, the violation of a "primary right" gives rise to only one cause of action, but potentially several different theories of recovery. <u>Jadwin v. County of Kern</u>, 2009 U.S. Dist. LEXIS 28451, *30-31 (E.D. Cal. Apr. 3, 2009)(citing <u>Crowley v. Katleman</u>, 8 Cal. 4th 666, 681-83 (1994)). Different theories of recovery are not separate primary rights. <u>Manufactured Home Communities, Inc. v. City of San Jose</u>, 420 F.3d 1022, 1032 (9th Cir. 2005). The primary right protected by FEHA is the right to be free from invidious discrimination and from retaliation

for opposing discrimination. Yanke v. City of Oakland, 2010 U.S. Dist. LEXIS 30627, *20 (N.D. Cal. Mar. 30, 2010)(citing George v. California Unemployment Ins. Appeals Bd., 179 Cal. App. 4th 1475, 1483 (Cal. App. 5th Dist. 2009)). FEHA prohibits discrimination based on sex (Cal. Govt. Code 12940(a)), sexual harassment (12940(j)(1), retaliation (12940(h)), and failure to prevent discrimination, harassment and retaliation (12940(k)).

Here, Plaintiffs' second claim for relief is for violations of FEHA. Plaintiffs identify four different theories under which such a violation could be proven. These different theories of recovery are not separate primary rights that give rise to different causes of action. Plaintiffs' FEHA claim alleges a single violation of the right to be free from discrimination and retaliation, but under four different theories of recovery. The pleading format of Plaintiffs' second cause of action is not improper. Defendants' motion to dismiss will be denied on this ground.

*2. Individual Liability for Discrimination and Retaliation*

Defendant Hutton asserts that individual defendants cannot be held personally liable for employment discrimination.

Indeed, the California Supreme Court has determined that supervisors may not be sued individually under FEHA for alleged discriminatory acts. Murphy v. Shasta Cmty. Health Ctr., 2014 U.S. Dist. LEXIS 33560, *9 (E.D. Cal. Mar. 12, 2014)(citing Reno v. Baird, 18 Cal. 4th 640, 663 (Cal. 1998)). Further, in a FEHA action, "nonemployer individuals are not held liable for their role in retaliation or discrimination, but can be held liable for harassment." Murphy at *9 (citing Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1162-63 (Cal. 2008)).

Defendant's motion to dismiss will be granted with prejudice to the extent that discrimination and retaliation FEHA claims are made against Hutton.

The FEHA claim remains as follows: Goins against the County and the DA under theories of discrimination, harassment, retaliation, and failure to prevent discrimination, harassment, and retaliation; Goins against Hutton under a theory of harassment; and Rentfrow against the County and the DA under theories of retaliation and failure to prevent retaliation. The Court makes no assessment as to the adequacy of pleading other than that which is explicitly stated in this order.

\\\

4. <u>Punitive Damages</u>

Defendant Hutton asserts that punitive damages have not been adequately pled according to California state law, requiring specific facts that show oppression, fraud, or malice. California Civil Code section 3294 allows recovery of punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. Under California law a punitive damages claim is insufficiently pled if it is "devoid of any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice." <u>Smith v. Superior Court</u>, 10 Cal.App.4th 1033, 1042 (Cal. App. 4th Dist.1992)

"In federal court, while section 3294 governs the substantive standard Plaintiff must meet in order to obtain punitive damages, Plaintiff need not allege facts supporting such a claim with particularity." <u>Kelly Moore Paint Co. v. Nat'l Union Fire Ins. Co.</u>, 2014 U.S. Dist. LEXIS 69948, *9-10 (N.D. Cal. May 21, 2014). The Federal Rules of Civil Procedure govern the Court's determination regarding the adequacy of the pleadings. <u>Reyes v. San Diego Props. Acquisition & Dev. LLC</u>, 2014 U.S. Dist. LEXIS 65202, *15 (S.D. Cal. May 9, 2014).

Rule of Civil Procedure 8(a) requires plaintiffs to plead "a short plain statement of the claim showing that [a plaintiff] is entitled to relief, and […] a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 9(b) provides that "malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "Although malice, intent, and knowledge may generally be alleged, the allegations that request punitive damages must still meet the standards elaborated under <u>Iqbal</u> and <u>Twombly</u>." <u>Coppola v. Smith</u>, 2013 U.S. Dist. LEXIS 161281, *32 (E.D. Cal. 2013)

Plaintiffs, bringing this action in federal court, are not required to plead punitive damages with particularity. Pursuant to Rules 8 and 9, they may aver their prayer for punitive damages generally with sufficient factual matter to state a claim to relief that is plausible on its face. Plaintiffs have sufficiently averred Hutton's malicious intent. The claim sits on allegations that Hutton sexually harassed Goins, that Goins and Rentfrow objected to Hutton's conduct and filed administrative actions against him, and, after finding out, that Hutton subjected them to discriminatory or retaliatory treatment, including making false statements about them to other

employees, and subjecting Rentfrow to unwarranted discipline and poor performance reviews. Plaintiffs' allegations constitute a short and plain prayer for punitive damages by averments of malice and fraudulent intent based on factual matters. Defendant's motion will be denied on this ground.

V.   ORDER

Defendants' County of Merced and Merced County District Attorney's Office Motion for a More Definite Statement and Motion to Dismiss is DENIED.

Defendant Merle Wayne Hutton's Motion to Dismiss is GRANTED as to discrimination and retaliation FEHA claims only with prejudice.

IT IS SO ORDERED.

Dated:   July 8, 2014                               _____
                                                                           SENIOR DISTRICT JUDGE