# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE GOINS; WESLEY RENTFROW,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF MERCED; MERCED COUNTY DISTRICT ATTORNEY; MERLE WAYNE HUTTON,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01245-AWI-SKO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR EXCLUSION OF EVIDENCE AS SANCTIONS AND DENYING PLAINTIFFS' REQUEST FOR A SIX MONTH EXTENSION OF TIME**<br><br>(Doc. 51) |

## I. INTRODUCTION

On May 29, 2015, Defendants County of Merced and Merced County District Attorney's Office ("Merced Defendants") filed a motion for exclusion of evidence as a sanction against Plaintiffs Diane Goins and Wesley Rentfrow. (Doc. 51.) Defendant Merle Wayne Hutton joined in the Merced Defendants' motion on June 16, 2015. (Doc. 52.) Plaintiffs' counsel requested and was granted an extension of time to file an opposition by June 22, 2015. (Doc. 54.) At close of business on June 22, 2015, the Court received an email communication from Plaintiffs' counsel[1] informing the Court he was unable to respond to Defendants' motion and requesting a six-month extension of time to respond.

---

[1] This email was copied to defense counsel as well as the Court.

The Court reviewed the motion and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the hearing on the motion is vacated.

For the reasons set forth below, Defendants' motion for a sanction in the form of exclusion of evidence is GRANTED and Plaintiffs' request for an extension of time is DENIED.

## II.   BACKGROUND

**A.   Factual Background[2]**

Plaintiffs were employed by Merced County's Office of the District Attorney at the time of the incidents alleged in the Complaint. Plaintiff Goins alleges she was sexually harassed by a supervisor in the Office of the District Attorney, Defendant Hutton, who had some supervisory duties over her and Plaintiff Rentfrow. Plaintiffs contend they and another female employee complained about inappropriate comments made by Defendant Hutton. An investigation into the complaint against Defendant Hutton was undertaken by the County of Merced, and as part of the investigation, Plaintiff Rentfrow testified at an administrative disciplinary proceeding. After the investigation was completed in December of 2010, the hearing officer determined the allegations were unfounded and the suspension was unwarranted.

While the investigation was pending, Plaintiff Goins filed an EEOC "Charge of Discrimination" in September of 2009, alleging harassment and discrimination on the basis of sex and retaliation for reporting and opposing harassment and discrimination. Plaintiff Rentfrow filed an EEOC Charge of Discrimination in March of 2011, alleging retaliation for reporting and opposing harassment and discrimination. Both Plaintiffs were issued "right-to-sue" letters by the Department of Fair Employment and Housing. Subsequently, Plaintiff Goins was laid off from her position in June of 2011 and Plaintiff Rentfrow was laid off from his position in March of 2012. Both Plaintiffs were told they were laid off due to budgetary constraints, but contend they were terminated in retaliation for testifying and reporting or complaining about sexual harassment. Plaintiffs contend they were given poor evaluations and reassigned in retaliation for testifying and

---

[2] This background is taken both from the Complaint (Doc. 1) and from the parties' Joint Status Report filed on August 21, 2014 (Doc. 35.)

for reporting or complaining about sexual harassment. Defendants deny the allegations.

Plaintiffs allege that as a proximate result of the Defendants' acts of harassment and retaliation, they have suffered and continue to suffer substantial economic losses and interest thereon, including lost wages and deferred compensation, as well as "both physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish[.]" (Compl., p. 9; Doc. 35, p. 8.) Plaintiffs demand as relief back pay and employment benefits, front pay to compensate Plaintiffs for future losses, emotional distress damages, punitive damages, and attorneys' fees and costs. (Compl., p. 10.)

**B.     Discovery and Procedural Background**

    **1.     Plaintiffs' Initial Disclosures**

In Plaintiff Goins' initial disclosure to the Merced Defendants pursuant to Fed. R. Civ. Pro. Rule 26(a)(1)(A)(iii), she did not disclose any physical injuries suffered as a result of the incidents alleged in the Complaint, did not list any treating medical providers, did not list any medical providers as individuals likely to have discoverable information that she might use to support her claims, and did not identify any medical records as documents she might use to support her claims. (Docs. 51, p. 2; 51-2, Exh. A ("Plaintiffs' Rule 26 Disclosures").)

    **2.     Merced Defendants' Special Interrogatories and Request for Production**

In Plaintiff Goins' responses to the Merced Defendants' special interrogatories, set one, request for production of documents, set one, and supplemental and amended responses to special interrogatories, set one, she did not disclose any specific physical injuries suffered as a result of the incidents alleged in the Complaint, did not list any treating medical providers, did not list any medical providers as individuals likely to have discoverable information that she might use to support her claims, and did not identify any medical records as documents she might use to support her claims. (Doc. 51-1, pp. 3-4. *See also* Docs. 51-3, Exh. B, No. 18 (Plaintiff Goins' Response to Defendant County of Merced's Special Interrogatories); 51-4, Exh. C, No. 18 (Plaintiff Goins' Supplemental and Amended Response to Defendant County of Merced's Special Interrogatories); 51-5, Exh. D, No. 18 (Plaintiff Goins' Second Supplemental Response to Defendant County of Merced's Special Interrogatories) (responding that the incidents of the

3

Complaint had caused her "great embarrassment, humiliation, shame, mental distress, mental anguish, and [ ] both physical and non-physical injuries" and referring the propounding party to the EEOC file to locate supporting facts and documentation); 51-6, Exh. E, No. 27 (Plaintiff Goins' Response to Defendant County of Merced's Request for Production of Documents) (responding that she has "no exhibits in support of" a request for any writing or recording supporting Plaintiff's allegations of physical and non-physical injuries).)

Similarly, Plaintiff Goins' responses to Defendant Hutton's request for production of documents, set one, and special interrogatories, set one, failed to indicate "that Ms. Goins had sought medical treatment or that she had suffered stomach problems or ulcers" as a result of the incidents alleged in the Complaint. (Doc. 52, p. 1; *see* Doc. 56, Exhs. A, Nos. 8; 11; 12 (Plaintiff Goins' Responses to Defendant Hutton's Request for Production of Documents) (directing Defendant Hutton to refer to the EEOC file for any documents relating to Plaintiff's allegations of emotional distress or mental anguish and objecting to Defendant Hutton's request for documents listed in her Rule 26 Disclosures) and B, No. 5 (Plaintiff Goins' Responses to Defendant Hutton's Special Interrogatories) (identifying Plaintiff Rentfrow as the sole witness with knowledge of Plaintiff Goins' allegations of emotional distress or mental anguish.)

### 3. Court Orders Plaintiffs to Supplement Responses to Written Discovery and Extending Discovery Cutoff

The parties appeared for an informal discovery dispute conference in chambers and off the record on April 1, 2015, to resolve a dispute regarding the sufficiency of Plaintiffs' responses to the Merced Defendants' special interrogatories, set one. (Docs. 44; 45.) Plaintiffs agreed to provide supplemental responses and were ordered to "provide all facts, including specific dates, names, and other identifying information, in support of their contentions and state whether those facts are based on specific documents" and to "identify all writings supporting their contentions[.]" (Doc. 45, pp. 1-2.)

"Due to delay in getting proper written discovery responses from plaintiffs, and so the parties could mediate," a further telephonic conference was held in chambers and off the record on April 14, 2015, to discuss an extension of discovery deadlines. (*See* Doc. 48 (Minute Order dated

4

April 15, 2015).) The parties agreed to provide the Court with a joint stipulation setting forth an amended discovery schedule, non-dispositive motion deadline, and mediation schedule. (*See* Doc. 48.) The parties stipulated to extend the discovery cutoff by thirty days; non-expert discovery was reset to June 1, 2015, expert discovery was reset to August 31, 2015, and the non-dispositive motion filing deadline was reset to September 18, 2015. (Docs. 49; 50.) The settlement conference date was also vacated (Docs. 49; 50), and the parties went to private mediation on May 6, 2015 (Doc. 51, p. 2). The case did not settle at mediation, and depositions were scheduled. (Doc. 51, p. 2.)

### 4. Plaintiff Goins' Deposition

On May 15, 2015, for the first time, Plaintiff Goins formally claimed to have suffered stomach problems and ulcers as a result of the incidents of the Complaint and identified her medical provider. (Docs. 51-1, pp. 4-5; 51-8, Exh. F ("Goins Deposition Transcript").) During the deposition, Plaintiff stated that while she did not seek counseling for the incidents alleged in the Complaint, she did seek treatment with her primary care physician Dr. Maria Hinesley for "stomach problems and ulcers." (Goins Depo. Tr. at 94:19-24, 95:8-15; 95:21-23.) Plaintiff told Dr. Hinesley that she "was having problems sleeping, [ ] stomach issues, [and] stress." (Goins Depo. Tr. at 96:1-4.) The following exchange occurred at the deposition:

> MR. MATZKIND: Counsel, we're not going to be finished with this today, and there's going to be a motion to the court. Do you intend to assert this at trial?
>
> MR. SMITH: I don't know anything about it. This is news to me. I didn't know about that fact that I hadn't given it to you or whatever. I will try to get –
>
> MR. MATZKIND: She specifically said she never saw anybody regarding this in her sworn interrogatory answers.
>
> MR. SMITH: Well, I don't know. I'd have to look at the answers.

(Goins Depo. Tr. at 96:5-17.) Defense counsel then asked

> Q. Okay. You didn't mention having stomach problems in any of your discovery responses, the initial disclosures, your answers to interrogatories or your first or second supplementals. Why is that?
>
> A. I don't know. The information was provided to my attorney in regards to my doctor.

5

(Goins Depo. Tr. at 205:2-8.)

Defendants contend that as a result of this late disclosure at Plaintiff Goins' deposition, only 16 calendar days before the close of non-expert discovery, Defendants "were unable to subpoena her medical records, depose her medical provider, or schedule an Independent Medical Examiner" before the July 1, 2015, deadline. (Doc. 51, pp. 3-5; *see also* Docs. 52, p. 1; 52-1, pp. 1-2.) Defendants would have done so, had they been provided with timely notice (Docs. 51-7, ¶ 9 (Declaration of Roger S. Matzkind, Counsel for the Merced Defendants); 52-1, pp. 1-2 (Declaration of Laurie B. Schrum, Counsel for Defendant Hutton), and allege that they have been "subjected to unfair and prejudicial surprise" as a result of Plaintiff Goins' failure to disclose these alleged physical injuries and medical records (Doc. 51-1, p. 5.)

### III.   LEGAL STANDARD

Rule 26(a)(1) requires the parties disclose the identity of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support is claims or defenses . . ." Rule 26(a) also requires the parties to disclose "a copy – or a description by category and location – of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." This disclosure must occur at least 14 days before the scheduling conference or as ordered by the court. Fed. R. Civ. P. Rule 26(a).

The parties have a continuing duty to supplement these initial disclosures under Rule 26(e) if they learn in some material respect the disclosure is incomplete or incorrect, "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. Rule 26(e). As such, the proffering party may be absolved of its duty to serve a supplemental disclosure under Rule 26(e) to identify a certain person if the other parties have learned through other means that the person might have discoverable information regarding the proffering party's claims or defenses.

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Two express exceptions

ameliorate the harshness of Rule 37(c)(1): the information may be introduced if the party's failure to disclose the required information is 1) substantially justified or 2) harmless. Fed. R. Civ. P. Rule 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

To determine whether the introduction of evidence should be precluded pursuant to Rule 37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Goold v. Hilton Worldwide*, 1:13-CV-00438–JLT, 2014 WL 4629083 (E.D. Cal. Sept. 15, 2014) (quoting *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011)).

### IV.   DISCUSSION

**A.   The Parties' Arguments**

Defendants contend that Plaintiff Goins' failure to disclose her claims of physical injuries and/or medical treatment for such injuries until her deposition on May 15, 2015 – only two weeks before the non-expert discovery cutoff – has severely prejudiced Defendants' ability to adequately defend their case. Defendants were "unable to subpoena [Plaintiff Goins'] medical records, depose her medical provider, and schedule an Independent Medical Examination" prior to the June 1, 2015, deadline. (Docs. 51-1, p. 5; 52, p. 1 ("The arguments set forth in the County's motion apply with equal force to [D]efendant Hutton").) Had they been given timely notice, Defendants would have taken steps to subpoena Plaintiff Goins' medical records, taken her medical provider's deposition, and/or scheduled an Independent Medical Examination. (Docs. 51-1, p. 5; 51-7, ¶ 10; 52, p. 1, 52-1, p. 2.) As a result of Plaintiff Goins' failure to disclose her claims of physical injuries and/or medical treatment for such injuries, "Plaintiffs have subjected [D]efendants to unfair and prejudicial surprise, and have frustrated the intent and purpose of the Federal Rules." (Doc. 51, p. 5.)

//

**B.    Plaintiff Goins Failed to Meet Her Obligation to Disclose Any Individuals with Knowledge of or Documents in Support of Her Allegations of Physical Injury in Her Rule 26 Initial Disclosures or At Any Time Thereafter**

It is uncontested that Plaintiff Goins did not identify any medical provider in Plaintiffs' joint Initial Rule 26 Disclosures. (*See* Doc. 51-2, Exh. A, § A, Nos. 1-31.) It is also uncontested that Plaintiff Goins did not provide a copy of or description of any medical record or documentation in Plaintiffs' joint Initial Rule 26 Disclosures. (*See* Doc. 51-2, Exh. A, § B, Nos. 1-21.) When asked for a computation of any category of damages, it is uncontested that Plaintiff Goins did not list, identify, or reference damages for stomach problems or ulcers. (*See* Doc. 51-2, Exh. A, § C (identifying damages for "Front pay, Emotional Distress, attorney fees and costs").)

It is also undisputed that Plaintiff Goins did not identify "stomach problems" or "ulcers" as a physical injury sustained as a result of the incidents of the Complaint in any written response, amended written response, or supplemental written response to discovery propounded on her by any Defendant. (*See* Docs. 51-3, Exh. Exh. B; 51-4, Exh. C; 51-5, Exh. D; 51-6, Exh. E.)

**1.    Plaintiff Goins' Responses to Defendant County of Merced's Discovery**

In Plaintiff Goins' Verified Response to Defendant County of Merced's Special Interrogatories, Set One, in response to Special Interrogatory No. 18, Plaintiff Goins stated that the events of the Complaint "ha[ve] caused me great embarrassment, mental distress, mental anguish, and I have suffered both physical and non-physical injuries as a result." (Doc. 51-3, Exh. B, p. 20.) She identified co-Plaintiff Rentfrow as the only witness "with knowledge of such facts," and stated that there were no writing supporting her contentions. (Doc. 51-3, Exh. B, p. 20.) Plaintiff further referenced the "Summary of Facts" listed in response to Special Interrogatory No. 1, which does not include any reference to specific or general physical injuries suffered as a result of the incidents alleged in the Complaint, does not list any treating medical providers, and did not identify any medical records as documents she might use to support her claims. (*See* Doc. 51-3, Exh. B, pp. 3-12.)

Plaintiff supplemented and amended her response to "incorporate" the contents of the EEOC file created as a result of her harassment claim (*see* Doc. 51-4, Exh. C, p. 7), and after the

Court ordered her to supplement her response with specific names, identifying information, and citations within the EEOC file, Plaintiff again supplemented her response (*see* Doc. 52-5, Exh. D, pp. 8-9). Plaintiff alleged that she "believe[s] this has caused [her] great embarrassment, humiliation, and shame, mental distress, mental anguish, and [she] h[as] suffered both physical and non-physical injuries as a result." (Doc. 52-5, Exh. D, p. 9.) She again refers to the same, unaltered Summary of Facts, as well as specific documents within the EEOC file. (Doc. 52-5, Exh. D, pp. 9; 14-16.) Then, in Plaintiff Goins' Response to Defendant County of Merced's Request for Production of Documents, Set One, in response to the request for any writing or recording supporting her allegations of "physical and non-physical injuries, including emotional distress, humiliation, embarrassment and mental anguish," Plaintiff unambiguously responded that she had "no exhibits in support of this request." (Doc. 51-6, Exh. E, p. 11.)

### 2. Plaintiff Goins' Responses to Defendant Hutton's Discovery

Plaintiff Goins' responses to Defendant Hutton's request for production of documents, set one, and special interrogatories, set one, failed to indicate "that Ms. Goins had sought medical treatment or that she had suffered stomach problems or ulcers" as a result of the incidents alleged in the Complaint. (Doc. 52, p. 1; *see* Doc. 56, Exhs. A (Plaintiff Goins' Responses to Defendant Hutton's Request for Production of Documents) and B (Plaintiff Goins' Responses to Defendant Hutton's Special Interrogatories).)

When asked to identify any individual with knowledge supporting her allegation that she "suffered emotional distress, humiliation, embarrassment, or mental anguish" as a result of the incidents of the Complaint, Plaintiff Goins *only* identified her co-plaintiff, Plaintiff Rentfrow – no medical professional or treating physician was identified. (Doc. 56, Exh. B, No. 5.)

When asked to identify and produce all documents relating to her allegations that she "suffered emotional distress, humiliation, embarrassment, or mental anguish" as a result of the incidents of the Complaint, Plaintiff Goins unequivocally referred Defendant Hutton to her EEOC file – no medical records were identified. (Doc. 56, Exh. A, No. 8.) When asked to produce all documents she "listed in [her] Rule 26 Disclosure as documents" in support of her claims or that she intended to use for impeachment, Plaintiff objected to the question as violating attorney-client

9

privilege and the work-product doctrine – no medical records were identified or produced. (Doc. 56, Exh. A, Nos. 11; 12.)

### 3. Plaintiff Goins' Failure to Disclose Discoverable Information in Support of Her Alleged Physical Injuries Was in Violation of the Requirements of Rule 26

Rule 26(a) imposes on the parties a duty to disclose the identities of each person possessing discoverable information that the disclosing party intends to use *or may use* to support its claims. Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(a) also requires the parties to disclose either a copy or a description by category and location of all documents that the disclosing party has in its possession and intends to use *or may use* to support its claims. Fed. R. Civ. P. Rule 26(a)(1)(A)(ii). Even if Plaintiff Goins were unsure she would ultimately use any medical evidence in support of her claims of stomach problems and ulcers, the Rules *required* that she disclose such information. However, Plaintiff Goins did not identify any individuals or copy or describe any documents or writings in support of her claims of physical injuries as a result of the incidents of the Complaint, until May 15, 2015, during the course of her deposition. *See, infra.*

Even if Plaintiff Goins lacked such information at the time of her Rule 26(a) initial disclosures, on September 24, 2014 (*see* Doc. 51-2), she had several opportunities to supplement these initial disclosures prior to the June 1, 2015, non-expert discovery cutoff. It is uncontested that Plaintiff at no point supplemented her initial discloses to identify any treating medical provider or medical records, despite being required to do so under the Federal Rules. Further, Plaintiff answered Defendants' written discovery requests – even supplementing multiple times to include more detailed facts and identifying information – and never identified any treating medical provider or medical records.

Rule 26(e) imposes on the parties a continuing duty to supplement these initial disclosures if they learn in some material respect the disclosure is incomplete or incorrect, "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. Rule 26(e). By not disclosing her medical providers or medical records in her initial disclosures – or at any time thereafter – Plaintiff Goins violated Rule 26(a). Further, though the responding party may be absolved of its duty to

10

serve a supplemental initial disclosure under Rule 26(e) if the other parties have learned through other means the identities of individuals with discoverable information, that did not occur in this case.

**C.   Plaintiff's Failure to Disclose or Identify Any Individuals with Knowledge of or Documents in Support of Her Allegations of Physical injury Was Not Substantially Justified or Harmless**

Defendants contend that Plaintiff Goins' failure to disclose her claims of physical injuries and/or medical treatment for such injuries until her deposition on May 15, 2015 – only two weeks before the non-expert discovery cutoff – has severely harmed their ability to fully investigate her claims and adequately defend their case. (*See* Docs. 51-1, p. 5; 52, p. 1.) Had Defendants been given timely notice, they would have taken steps to subpoena Plaintiff Goins' medical records, taken her medical provider's deposition, and/or scheduled an Independent Medical Examination. (Docs. 51-1, p. 5; 51-7, ¶ 10; 52, p. 1, 52-1, p. 2.) Defendants contend that they have been subjected to unfair and prejudicial surprise, and that Plaintiff Goins' failure to disclose this information is neither justified nor harmless. (Doc. 51, p. 5.)

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Deckers Outdoor Corp.*, 259 F.3d at 1106. If the party's failure to disclose the required information is substantially justified or harmless, however, the information may still be introduced. Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified. *R & R Sails, Inc.*, 673 F.3d at 1246.

The failure to disclose the identity of any individual in possession of discoverable information regarding Plaintiff Goins' physical injuries or to describe in any way writings or documents in support of her claims of physical injuries – namely, her treating physician of nearly a decade, as revealed during her deposition – is not substantially justified. During her deposition, Plaintiff Goins stated that she saw her treating physician of around ten years, Dr. Marie Hinesly, at the time of the incidents of the Complaint and after, and testified that she sought treatment with Dr. Hinesly "in regards to the problems [she] was having . . . stomach problems and ulcers" as a result of stress caused by the incidents of the Complaint. (Goins Depo. Tr. at 94:16-24; 95:8-23.)

11

Plaintiff specifically testified that this "information was provided to [her] attorney in regards to [her] doctor." (Goins Depo. Tr. at 205:2-8.) It is unclear why this information, passed on to her attorney, was then never included in her initial disclosures or in any sworn discovery response. At the very least, Defendants should have been informed of Plaintiff's allegations of "stomach problems" and "ulcers" prior to her deposition, so that they could have had the opportunity to investigate her claims prior to deposing her.

The only justification proffered by Plaintiff Goins is that her counsel has been ill for an extended amount of time.[3] That does not excuse or justify the omission. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 506-07 (1947). The federal rules of discovery "are designed to narrow and clarify the issues and to give the parties mutual knowledge of all relevant facts, thereby preventing surprise." *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (citing *Hickman*, 329 U.S. at 507). The failure to reveal Plaintiff Goins' claims of stomach problems and ulcers – physical injuries suffered as a result of the incidents of the Complaint – goes to the question of damages. A disregard for the federal discovery rules creates the exact "trial by ambush" which those rules are designed to prevent. *Shelak,* 581 F.2d at 1159.

Nor has Plaintiff Goins shown that the failure to disclose was harmless. *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"). Plaintiff Goins' revelation during her deposition gave Defendants only fourteen calendar days to subpoena her medical records, subpoena her treating physical for a deposition, and to schedule an Independent Medical Evaluation. Significantly, this disclosure at the eleventh hour prevented Defendants from adequately investigating the extent and veracity of Plaintiff Goins' claims of physical injuries *prior* to her deposition, thereby denying Defendants the opportunity to question her about these injuries or her medical records during her deposition. With such limited ability to fully investigate Plaintiff Goins' claims of "stomach problems" and

---

[3] Plaintiffs' counsel represented at the informal discovery dispute conferences on April 22 and June 17, 2015, and in his letter to the Court on June 22, 2015, that his health concerns are ongoing, serious, and recurrent.

"ulcers," Defendants' ability to fully defend themselves against these specific damages has undoubtedly been prejudiced.

For all these reasons, Plaintiff Goins' failure to disclose her alleged physical injuries or medical records was neither substantially justified nor harmless.

**D. Sanctions in the Form of Exclusion of Evidence of Plaintiff Goins' Alleged Physical Injuries Is Warranted**

To determine whether the introduction of evidence should be precluded pursuant to Rule 37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Goold v. Hilton Worldwide*, 1:13-CV-00438-JLT, 2014 WL 4629083 at *2 (E.D. Cal., Sept. 15, 2014) (quoting *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F.Supp.2d 719, 733 (N.D. Cal. 2011)).

As discussed above, prior to testifying she had suffered "stomach problems" and "ulcers" as a result of the events of the Complaint during her deposition on May 15, 2015, Plaintiff Goins repeatedly failed to apprise Defendants that she had sustained any sort of physical injury, failed to identify any medical personnel or treating physician with knowledge of these injuries, and failed to identify or produce any medical records in support of her claims of these injuries in either her Rule 26 Initial Disclosures or in any response to Defendants' written discovery. Defendants were thereby deprived of the ability to even partially investigate Plaintiff Goins' claims of physical injuries prior to her deposition and prior to the cutoff of non-expert discovery.

Further, Plaintiff Goins' failure to disclose information regarding her alleged "stomach problems" and "ulcers," deprived Defendants of the opportunity to subpoena Plaintiff Goins' medical records prior to her deposition to question her regarding these specific alleged injuries, take her medical provider's deposition, schedule an Independent Medical Examination, and retain an expert to render an opinion and testify on the extent and veracity of these specific alleged injuries.

//

Plaintiff Goins' allegations of physical injuries are relevant to her damages, and Defendants have been deprived of the opportunity to adequately mount a defense at trial. Even giving Plaintiff Goins the benefit of the doubt and extending her counsel wide latitude due to his ongoing health concerns, Plaintiff Goins failed to meet her obligation of candid disclosure without substantial justification. Exclusion of evidence regarding Plaintiff Goins' allegations of physical injuries of "stomach problems" and "ulcers" is warranted by the circumstances of the case, and such sanction is within this Court's discretion to grant to remedy the harm to Defendants' case. *See Goold,* 2014 WL 4629083 at *2-4.

### E. Plaintiffs' Request for a Six-Month Extension of Time Is Denied

Counsel submitted a letter on June 22, 2015, detailing his ongoing health concerns and seeking a six-month extension of the schedule discovery and trial schedule. The discovery schedule, however, has already been modified to accommodate Plaintiffs and Plaintiffs' counsel's recurrent health issues, and the Court is mindful that trial in this matter remains set for February of 2016. (*See* Docs. 37 (Scheduling Order); 39 (Stipulation and Order Extending Non-Expert Discovery Cut-Off); 50 (Stipulation and Order Extending Discovery Cut-Off); 55 (Amended Order Extending Discovery Cut-Off).)

Plaintiffs' counsel was advised in the informal discovery dispute conference on June 17, 2015, that an additional extension of time of six months would not be entertained and to retain replacement counsel if he was unable to litigate this matter in a timely manner due to his ongoing health concerns. (Doc. 54.) Plaintiffs' counsel represented that he understood this admonition. However, Plaintiff has since contacted the Court by email to request an additional six month extension of time in all matters.

The Court notes that the Complaint was filed nearly two years ago on August 9, 2013. (Doc. 1.) Plaintiffs' counsel's request for a six month stay of proceedings to resolve his ongoing health issues places the Court in the same position as his prior request – there is no guarantee that, in six months' time, Plaintiffs' counsel will be able to litigate the case. If replacement counsel is sought in the immediate future, new counsel will have ample time to review the case and prepare for trial. However, if the Court were to grant Plaintiffs' counsel's request for a six month stay,

and replacement counsel were then retained, the case would be subject to further delays to allow replacement counsel adequate time to review the case and prepare for trial.

If Plaintiffs' counsel truly "is unable to respond to, read, or review" the pleadings, arguments, and evidence necessary to litigate this case, replacement counsel is necessary to keep this case on track for timely litigation and resolution. As such, Plaintiffs' request for a six-month extension of time and stay of proceedings is DENIED.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant County of Merced's Motion for Exclusion of Evidence as Sanctions is GRANTED. No evidence or testimony regarding Plaintiff Goins' allegations of stomach problems or ulcers will be introduced in any future discovery motion, motion for summary judgment, or at trial.

Further, Plaintiffs' request for a six-month extension of time and stay of proceedings is DENIED.

IT IS SO ORDERED.

Dated: **June 29, 2015**                          **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE