# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE GOINS, et al., | Case No. 1:13-cv-01245-DAD-SKO |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY TO PROCEED WITH DEPOSITION OF DEFENDANT HUTTON** |
| v. | |
| COUNTY OF MERCED, et al., | |
| Defendants. | |

## I.  INTRODUCTION

On November 20, 2015, the fact discovery cutoff, Plaintiffs Diane Goins and Wesley Rentfrow filed a motion for discovery "to proceed with [the] deposition of Defendant Hutton."[1] (Docs. 77 (original motion, terminated by Plaintiffs); 79 (refiled motion).)  Plaintiffs contend that their former counsel, William Smith, Esq., "was not feeling well" and was therefore unable to complete the deposition of Defendant Hutton on May 21, 2015.  (*See* Doc. 79, p. 2.)

On November 24, 2015, the Court issued its tentative order on Plaintiffs' motion, noting that Plaintiffs had not demonstrated good cause to warrant a second deposition of Defendant Hutton based on the information provided.  (Doc. 81.)  Plaintiffs, however, did not withdraw their

---

[1]  Plaintiffs initially filed their motion on November 20, 2015, and set a hearing before the undersigned on November 24, 2015.  (Doc. 77.)  Apparently recognizing that such a hearing date would not comply with the Local Rules, Plaintiffs' counsel contacted the Clerk of Court and requested the motion be terminated on November 23, 2015. (Doc. 78.)  Plaintiffs then refiled the instant motion on November 23, 2015, with a hearing set for December 23, 2105.  (Doc. 79.)  Defendants argue the motion was therefore filed after the close of fact discovery.  (Docs. 84-86.)  Though the motion would be untimely as filed on November 23, 2015, it appears clear that the November 23, 2015, filing is merely a re-noticing of the motion timely filed – if barely – on the November 20, 2015, fact discovery deadline.

motion or file supplemental briefing to demonstrate that good cause did indeed exist to reopen the deposition of Defendant Hutton. (*See* Docket.) Defendants opposed the motion on December 17, 2015.[2] (*See* Docs. 84-86) Plaintiffs did not file a reply. (*See* Docket.) Having reviewed the motion and all supporting materials, the matter was found suitable for decision without oral argument pursuant to Local Rule 230(g), and the December 23, 2015, hearing was vacated.

Because the undersigned concludes that Plaintiffs have not established good cause for a second deposition of Defendant Hutton, the Court's tentative ruling is AFFIRMED and Plaintiffs' motion is DENIED.

## II.  RELEVANT BACKGROUND

**A.  Deposition of Merle Wayne Hutton**

On May 21, 2015, Mr. Smith took the deposition of Merle Wayne Hutton. (*See* Doc. 77, Exh. A (Transcript of the Deposition of Merle Wayne Hutton, "Depo. Trans.").) A review of the transcript reflects that while Mr. Smith apologized to Defendant Hutton at one point for his "suppressed" voice due to his "not feeling as well as [he] should," (Depo. Trans., 25:12-17), Mr. Smith made no statement indicating that he was too ill to finish the deposition, nor did he request to continue the deposition to a later date due to his illness. Two breaks were taken, one at Defendant Hutton's request, (21:16-19), and one at Mr. Smith's request, to "wrap [his line of questioning] up[,]" (Depo. Trans., 73:15-17 (Mr. Smith asked opposing counsel to "Give me about five minutes because I'm going to wrap it up.").) In calling the deposition to a close, Mr. Smith stated, "I don't have any other questions at this point[,]" and the deposition was "adjourned" after approximately two hours of questioning. (Depo. Trans., 76:13-14.) Mr. Smith made no statement indicating that he was ill and needed to suspend the deposition for the day, and no discussion or agreement between counsel to set a second day to continue the deposition was made on the record. (*See* Depo. Trans.)

//

//

---

[2]  Despite that Defendants' oppositions were not timely filed, the Court has exercised its discretion to consider the arguments set forth in Defendants' opposition briefs and will not strike them from the docket as untimely.

2

**B.     Procedural Background**

Mr. Smith conducted the Hutton deposition on May 21, 2015, during a period when his health was declining. Ultimately, Mr. Smith passed away within two months of the deposition, on July 21, 2015, due to advanced pancreatic cancer. On August 20, 2015, Plaintiffs' counsel Kay Parker assumed Mr. Smith's case load, including Plaintiffs' action. (*See* Doc. 67, pp. 2-3.)

On September 22, 2015, the Court issued an order vacating the scheduling order and granting Plaintiffs' ex parte application to continue all deadlines. (Doc. 70.) On October 16, 2015, the Court extended the fact discovery deadline to November 20, 2015, to permit Plaintiffs to conclude any discovery which Plaintiffs' former counsel Mr. Smith "either planned to do and disclosed to Defendants prior to his passing, or began and left unfinished due to his passing." (Doc. 76; *see also* Doc. 70 (noting that because Mr. Smith had been "essentially medically incapacitated from late June 2015 to his death in late July 2015, extensive discovery has occurred but is incomplete" an extension of time to conclude discovery was warranted).) Plaintiffs did not raise the issue of redeposing Defendant Hutton with the Court. The parties were instructed that "non-expert discovery is <u>not</u> being opened for an unlimited purpose" and "[d]iscovery previously competed will <u>not</u> be reopened." (Doc. 76 (emphases in original).) The parties were also cautioned that "[n]o further extensions of the fact discovery cutoff will be entertained by the Court." (Doc. 76.)

On November 20, 2015, the non-expert discovery cutoff set in the Court's amended scheduling order, Plaintiffs filed the instant motion "to continue with the deposition of Merle Wayne Hutton," along with a single-page "background and facts," a single-page "points and authorities," and copies of the deposition transcript and meet and confer communications between the parties. (Doc. 77.) On November 24, 2015, the Court issued its tentative order on Plaintiffs' motion, noting that Plaintiffs had not demonstrated good cause to warrant a second deposition of Defendant Hutton based on the information provided. (Doc. 81.) Plaintiffs did not withdraw their motion, nor did they file any supplemental briefing to demonstrate that good cause did indeed exist for reopening the deposition of Defendant Hutton. (*See* Docket.) Defendants filed untimely oppositions to the motion. (*See* Docs. 84-86.)

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure govern the taking of depositions by oral examination. A party must obtain leave of the Court to conduct a deposition "if the parties have not stipulated to the deposition" and "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court shall grant such leave "to the extent consistent with the principles stated in Rule 26(b)(2)," which allows courts to limit discovery in instances in which the court determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Whether to reopen a deposition is a matter committed to the Court's discretion. *Archer v. City of Taft*, No. 1:12-cv-00261-AWI-JLT, 2014 WL 5216653, at *1 (E.D. Cal. Oct. 14, 2014); *Couch v. Wan*, No. CV-F-08-1621-LJO-DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012). Without a showing of need or good reason, courts generally will not require a deponent's reopened deposition. *Id.*

### IV.  DISCUSSION

A review of the Hutton Deposition reveals that, despite any infirmity from which Mr. Smith was suffering, the interaction between the deponent, opposing counsel, and Mr. Smith was "lively[,] with both parties explaining in full the[ir] questions and the[ir] answers." *Archer*, 2014 WL 5216653, at *2. (*See* Depo. Trans.) Further, at the conclusion of the deposition, Mr. Smith "did not comment about any difficulty experienced at the deposition and, from the face of the transcript, the Court sees no substantive factual area not addressed." *Id.*

Plaintiffs nonetheless claim a second deposition is necessary to obtain further information from Defendant Hutton. Plaintiffs do not specify what further information is sought, despite that Plaintiffs describe Defendant Hutton as "the alleged perpetrator" whose "deposition is unquestionably key discovery[,]" thus leaving the Court to speculate as to what additional questions Plaintiffs' counsel seeks from Defendant Hutton. (*See* Doc. 77, pp. 2-3.) In addition to

4

failing to specify upon what additional topics Plaintiffs seek to depose Defendant Hutton, Plaintiffs fail to explain in even general terms how Mr. Smith's deposition of Defendant Hutton was inadequate or insufficient.  (*See* Doc. 77, pp. 2-3.)

Mr. Smith was an experienced, competent attorney, and despite that the deposition lasted nearly two hours, the fact that Mr. Smith did not depose Defendant Hutton the full seven hours permitted under the Federal Rules does not de facto demonstrate that the deposition was not comprehensive or efficient.  While Plaintiffs emphasize that Mr. Smith "adjourned" the deposition by stating "I don't have any other questions *at this point*," rather than using language "concluding" or "ending" the deposition (Doc. 77, p. 2 (italics added), this language does not indicate that the deposition was to remain open and continue on another day.  Mr. Smith did not make any statement on the record that the deposition was to be continued at another time had he planned to do so or needed to suspend the deposition for the day.  Instead, before taking a break at the end of the deposition, Mr. Smith asked opposing counsel to "Give me about five minutes because *I'm going to wrap it up*."  (Depo. Trans., 73:15-17 (italics added).)  This language does not indicate that Mr. Smith believed he was unfinished or needed more time to finish the deposition at a later date.

In calling the deposition to a close, Mr. Smith also stated, "I don't have any other questions at this point."  (Depo. Trans., 76:13-14.)  The use of "at this point" does not indicate that Mr. Smith intended to continue the deposition at another time, given that he made no statement on the record indicating any meet and confer with opposing counsel or discussion of the parties' availability for a second deposition date.  (*See* Depo. Trans.)  Contrary to Plaintiffs' argument, the duration of the deposition is not dipositive.  Mr. Smith was competent to state, on the record, whether he was indeed finished, and whether he needed to suspend any further questioning due to his illness.

Plaintiffs also note that defense counsel interposed several objections of "vague" and/or "ambiguous" during the deposition, repeatedly asking for clarification of the questions posed by Mr. Smith.  (Doc. 77, p. 2 (stating opposing counsel had articulated forty objections on the record within a two hour period).)  However, objections to "vagueness" or requests for clarification alone

5

1  do not demonstrate that "more than half of the deposition questions were objectionable" or that
2  Mr. Smith was incompetent.  (Doc. 77, p. 2.)  A review of the record reveals that most of the
3  objections and conferring between counsel centered around clarifying the context of certain
4  conversations (*see, e.g.*, Doc. 77, Exh. A, at pp. 18:22-25, 25:25-26:8, 28:10-15 (clarifying that the
5  deponent was being asked about conversations specifically regarding Plaintiff Goins' sexual
6  harassment claims)), the meaning of certain terms Mr. Smith used in his question (*see, e.g.*, *id.* at
7  pp. 24:18-19, 38:10-13), or admonishing Defendant Hutton to only answer to those matters within
8  his knowledge or recollection (*see, e.g.*, *id.* at pp. 30:23-24; 35:25-36:6).  Contrary to Plaintiffs'
9  contention, the interposing of routine objections during a deposition by experienced counsel does
10 not undermine Mr. Smith's competence in deposing Defendant Hutton.

11         The factors of Rule 26(b)(2)(C) also weigh against reopening the deposition.  Any
12 information now claimed to be missing could have been obtained through written discovery by
13 Mr. Smith following the deposition, as the parties had previously stipulated to extend fact
14 discovery through June 1, 2015.  (Doc. 50.)  The fact that Mr. Smith did not seek to propound
15 further written discovery, or even indicate in meet and confer communications with the defense
16 that he intended to do so, indicates that Mr. Smith believed that discovery regarding Defendant
17 Hutton had been completed.  Nothing in the record before the Court indicates otherwise.

18         Ms. Parker substituted as Plaintiffs' counsel on August 14, 2015.  At the scheduling
19 conference two months later, Ms. Parker was cautioned that the Court would not entertain further
20 extensions absent a showing of cause.  Significantly, despite that admonition, Plaintiffs' motion to
21 reopen Defendant Hutton's deposition fails to identify what further information Plaintiffs seek in
22 even the most general terms, the importance of that information to the issues presented in the case,
23 or to address the burden and expense of reopening the deposition.  (*See* Doc. 77, p. 2 (noting only
24 that Defendant Hutton's "deposition is unquestionably key discovery").)  The Court cannot
25 speculate about what Plaintiffs would seek in a further deposition of Defendant Hutton, and
26 therefore is unable to find that reopening the deposition of Defendant Hutton is warranted.
27 *Archer*, 2014 WL 5216654 at *3.
28 //

The undersigned is sympathetic to the difficulty of accepting a new case midway through the litigation – it is both possible and likely that had Ms. Parker taken the deposition of Defendant Hutton herself, she may have asked different or additional questions or taken longer than two hours.  However, Ms. Parker's second-guessing of Mr. Smith's deposition style is *not* sufficient to demonstrate good cause that Defendant Hutton's deposition be reopened.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Although there is no specific limit on the number of times a person or party may be deposed, repeat depositions are disfavored, except in certain circumstances.  *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1990).  Absent a sufficient showing of need or good reason to justify the second deposition, such as the "long passage of time with new evidence or new theories added to the complaint," a court generally will not order a reopening of a deposition.  *Archer*, 2014 WL 5216653 at *3; *Couch*, 2012 WL 4433470 at *3; *Graebner*, 130 F.R.D. at 441; *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996.).  Likewise, the Rule 26(b)(2)(C) factors weigh against reopening the deposition.  Plaintiffs have failed to show sufficient justification to reopen the deposition of Defendant Hutton, and therefore the Court exercises its discretion to decline to reopen the deposition of Defendant Hutton.  *Archer*, 2014 WL 5216653 at *3; *Couch*, 2012 WL 4433470 at *3; *Dixon*, 164 F.R.D. at 690.

### V.   CONCLUSION AND ORDER

Based on the foregoing, Plaintiffs' motion to reopen the deposition of Defendant Merle Wayne Hutton is DENIED.

IT IS SO ORDERED.

Dated:   **December 22, 2015**                       **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE

7